Electronically Filed - St Louis County - October 13, 2017 - 11:15 AM



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division: KRISTINE A KERR | Case Number: 17SL-CC03751 |
|---|---|
| Plaintiff/Petitioner: HOWARD WEBB vs. | Plaintiff's/Petitioner's Attorney/Address: BENJAMIN FREDERICK WESTHOFF 2711 CLIFTON AVE SAINT LOUIS, MO 63139 |
| Defendant/Respondent: COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION | Court Address: ST LOUIS COUNTY COURT BUILDING 105 SOUTH CENTRAL AVENUE CLAYTON, MO 63105 |
| Nature of Suit: CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

### Summons for Personal Service Outside the State of Missouri
(Except Attachment Action)

The State of Missouri to: COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION
Alias:
THE CORPORATION TRUST COMPANY
CORPORATION TRUST CENTER
1209 ORANGE ST
WILMINGTON, DE 19801

COURT SEAL OF
ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

11-OCT-2017
Date
_____ Clerk

Further Information:
LNG

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is __PROCESS SERVER__ of __NEW CASTLE__ County, __DE__ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to __AMY MCLAREN__ (name) __MANAGING AGENT__ (title).
   ☐ other (describe) _____

Served at __1209 ORANGE STREET, WILMINGTON__ (address)
in __NEW CASTLE__ County, __DE__ (state), on __10/12/17__ (date) at __12:30pm__ (time).

__DENORRIS BRITT__
Printed Name of Sheriff or Server     Signature of Sheriff or Server

Subscribed and Sworn To me before this __12__ (day) __OCT.__ (month) __2017__ (year).
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                   ☐ the judge of the court of which affiant is an officer.
                   ☒ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                   ☐ authorized to administer oaths. (use for court-appointed server)

(Seal)
KEVIN DUNN
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires September 14, 2020

_____
Signature and Title

Service Fees, if applicable
Summons        $_____
Non Est        $_____
Mileage        $_____ (_____ miles @ $_____ per mile)
Total          $_____

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (7-04) SM60 For Court Use Only: Document ID# 17-SMOS-987    1    (17SL-CC03751)    Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Exhibit A



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>KRISTINE A KERR | Case Number: 17SL-CC03751 |
|---|---|
| Plaintiff/Petitioner:<br>HOWARD WEBB<br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>BENJAMIN FREDERICK WESTHOFF<br>2711 CLIFTON AVE<br>SAINT LOUIS, MO 63139 |
| Defendant/Respondent:<br>COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION
Alias:
THE CORPORATION TRUST COMPANY
CORPORATION TRUST CENTER
1209 ORANGE ST
WILMINGTON, DE 19801

*COURT SEAL OF*



*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
   SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

11-OCT-2017
Date
Further Information:
LNG

_____ /Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server     Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                    ☐ the judge of the court of which affiant is an officer.
                    ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                      (use for out-of-state officer)
                    ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

**Service Fees, if applicable**
Summons      $ _____
Non Est      $ _____
Mileage      $ _____ ( _____ miles @ $ _____ per mile)
Total        $ _____

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (7-04) SM60 *For Court Use Only*: Document ID# 17-SMOS-987     1     (17SL-CC03751)     Rules 54.06, 54.07, 54.14, 54.20;
                                                                                              506.500, 506.510 RSMo


## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

# THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

## Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-04) SM60 *For Court Use Only:* Document ID# 17-SMOS-987       3       (17SL-CC03751)       Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Electronically Filed - St Louis County - October 04, 2017 - 03:14 PM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
TWENTY-FIRST JUDICIAL CIRCUIT
STATE OF MISSOURI

| | |
|---|---|
| HOWARD WEBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. _____ |
| ) | |
| COGNIZANT TECHNOLOGY ) | Division No. _____ |
| SOLUTIONS CORPORATION ) | |
| ) | |
| **Serve:** ) | |
| **The Corporation Trust Company** ) | **JURY TRIAL REQUESTED** |
| **Corporation Trust Center** ) | |
| **1209 Orange St.** ) | |
| **Wilmington, DE 19801** ) | |
| ) | |
| Defendant. ) | |

## PETITION

COMES NOW Plaintiff Howard Webb, by and through counsel, and for his cause of action against Defendant Cognizant Technology Solutions Corporation states as follows:

### DISCRIMINATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

1. Plaintiff brings this action under the Missouri Human Rights Act, Section 213.010 et seq., RSMo 1986, as amended ("MHRA").

2. Plaintiff Howard Webb is a citizen of the State of Missouri, currently residing in St. Louis County, Missouri. Plaintiff was employed by Defendant Cognizant Technology Solutions Corporation ("Cognizant" or "Defendant") from December 2014 to September 23, 2016 in St. Louis County. He is a white, American citizen whose year of birth is 1955, and, as a result, was and is a member of protected classes under the MHRA.

3. Defendant Cognizant is a corporation conducting business in Missouri.

1

Electronically Filed - St Louis County - October 04, 2017 - 03:14 PM

4.  Defendant Cognizant is an employer as defined by Mo. Rev. Stat. § 213.010(7) in that Cognizant, at all relevant times herein, employed six (6) or more employees in the State of Missouri.

5.  This claim arose in the County of St. Louis, Missouri where Defendant conducted business at all times relevant herein and employed Plaintiff to transact business on its behalf.

6.  Cognizant employed Plaintiff in the position of Director—Business Process Transformation. Plaintiff's job primarily entailed providing process improvement consulting services to customers and selling customers business analysis, process improvement and technology solution services. Plaintiff supervised a team of about 45 employees in the United States, and had dotted-line responsibility over about 45 other employees located in India.

7.  Plaintiff performed his job in a satisfactory manner. In 2015, Cognizant paid Plaintiff a bonus in recognition of his strong performance. Cognizant never wrote Plaintiff up, gave him a negative performance review, or placed him on a performance improvement plan.

8.  Plaintiff reported to Jack Miller, Head of Solutions Consulting Group, from early 2015 until May 2016, at which time his supervisor became Tim Day, Associate Vice-President—Enterprise Application Services.

9.  The team Plaintiff supervised and worked with in the United States consisted of approximately 85% employees of Indian descent. Plaintiff also conducted sales activities in conjunction with sales teams that were largely composed of employees of Indian descent.

10. Indian co-workers of Plaintiff impeded his contact and access to customer accounts over which they had control which prevented Plaintiff from expanding his team's business analyst services. In addition, Plaintiff's Indian colleagues frequently spoke in a foreign language when Plaintiff was present so as to effectively exclude Plaintiff from the conversation.

2

11. Plaintiff reported to Mr. Miller that Indian employees, particularly those within Cognizant's sales organization, were inhibiting Plaintiff from accessing or contacting accounts they controlled, thereby impairing Plaintiff's business growth and diminishing Plaintiff's billable services. Plaintiff also reported to Mr. Miller that Indian colleagues were preventing him from participating in business discussions by speaking in a language he could not understand.

12. Mr. Miller responded that he knew "it was an issue" and that he was trying to "address it." Mr. Miller, however, never followed-up with Plaintiff about his complaints, nor took any action to effectively remediate the issues Plaintiff reported.

13. In the summer of 2016, Plaintiff reported the same issues with Indian colleagues to Mr. Day and Hetal Joshi, Director—Consulting. Upon information and belief, neither Mr. Day nor Mr. Joshi took any action to address Plaintiff's complaints.

14. In mid-2016, Cognizant transferred Plaintiff from his Director position to the "Cognizant Deployable Pool," and effectively replaced him with Mr. Joshi, a male of Indian descent who was approximately 35-40 years old, by re-assigning Plaintiff's responsibilities to Mr. Joshi. Although Plaintiff had reported to Cognizant management that his billable work was impaired by the discriminatory actions of his Indian co-workers as described above, Cognizant cited his poor billing rate in moving Plaintiff to the Cognizant Deployable Pool ("CDP").

15. The CDP is a pool of floating Cognizant workers that, in theory, is supposed to staff projects in the various business units within the company on an as-needed basis. According to Cognizant, the CDP is a place where Cognizant employees who are not billing adequately can go to try to find another position within the company.

16. In reality, however, the CDP is a vehicle for discharging employees. Once an employee remains in the CDP for five weeks without being placed into a new position or

assignment, he will be discharged. Upon information and belief, most employees Cognizant transfers into the CDP are not selected for assignment and instead get fired. Further, upon information and belief, Cognizant uses the CDP to disproportionately discharge older employees not of Indian descent.

17. After Cognizant transferred Plaintiff into the CDP, it offered him no other positions or projects.

18. On September 23, 2016, Cognizant discharged Plaintiff.

19. Mr. Joshi's billable work numbers were similar to Plaintiff's, yet Cognizant did not place Mr. Joshi into the CDP or discharge him.

20. Upon information and belief, there are other non-Indian, older Cognizant employees whom Cognizant placed in the CDP, fired after failing to provide them another assignment, and replaced with younger employees of Indian descent.

21. In addition, upon information and belief, Cognizant management has engaged in an initiative to create a younger workforce by discharging older workers and replacing them with younger employees, usually of Indian descent. Cognizant utilizes younger, Indian employees to bill at lower rates than older, more skilled and experienced non-Indian employees, such as Plaintiff, as a means of remaining competitive in the marketplace.

22. Further, Cognizant uses the lower billing rates of younger, Indian employees as a justification to not only prevent older, non-Indian workers from providing billable services to customers, but also to discharge such older workers.

23. Plaintiff filed a timely charge of discrimination with the Missouri Commission of Human Rights ("MCHR") on December 2, 2016. On July 10, 2017, the MCHR issued Plaintiff a Notice of Right to Sue. Plaintiff filed this action within 90 days of the date of MCHR's Notice

of Right to Sue, and within two (2) years of the last act of age discrimination and retaliation alleged herein.

24. Defendant's termination of Plaintiff's employment on September 23, 2016 violated Mo. Rev. Stat. § 213.055.1(1)(a) in that Plaintiff's color and national origin were contributing factors in Defendant's decision to discharge him.

25. Defendant's termination of Plaintiff's employment on September 23, 2016 violated Mo. Rev. Stat. § 213.055.1(1)(a) in that Plaintiff's age was a contributing factor in Defendants' decision to discharge him.

26. Defendant's termination of Plaintiff's employment on September 23, 2016 violated Mo. Rev. Stat. § 213.070.2 in that Cognizant retaliated against Plaintiff for complaining about discriminatory practices in the workplace.

27. As a result of Defendant's discrimination and retaliation against Plaintiff, as alleged herein, Plaintiff has suffered lost wages and benefits of employment.

28. As a result of Defendant's discrimination and retaliation against Plaintiff, as alleged herein, Plaintiff has suffered emotional distress and mental anguish.

29. As a result of Defendant's discrimination and retaliation against Plaintiff, as alleged herein, Plaintiff has incurred attorneys' fees and costs of litigation.

30. The conduct of the Defendant was outrageous because of the Defendant's evil motive or reckless disregard for Plaintiff's rights under Missouri law to not be discriminated against with respect to the terms, conditions, and privileges of employment, and not to be retaliated against for opposing discriminatory practices. Such conduct warrants an award of punitive damages to punish Defendant and deter it from engaging in further acts of discrimination and retaliation.

Electronically Filed - St Louis County - October 04, 2017 - 03:14 PM

WHEREFORE, Plaintiff prays that this Court, after trial by jury, enter its Order and Judgment against Defendant and in favor of Plaintiff in an amount to be determined at trial for Plaintiff's lost wages and benefits of employment, and prejudgment interest thereupon, for front pay or reinstatement, and for compensatory damages, including damages for emotional distress, for punitive damages, for attorneys' fees and costs of litigation, and for such other relief as is just and proper.

**Plaintiff requests a trial by jury as to all counts.**

Respectfully Submitted,

SEDEY HARPER WESTHOFF, P.C.
Attorneys for Plaintiff

*/s/ Benjamin F. Westhoff*

Benjamin F. Westhoff, #53047
Donna L. Harper, #26406
Claire Wiltse, #69434
2711 Clifton Avenue
St. Louis, MO 63139
314/773-3566
314/773-3615 (fax)
bwesthoff@sedeyharper.com
dharper@sedeyharper.com
cwiltse@sedeyharper.com

**17SL-CC03751**

*Electronically Filed - St Louis County - October 04, 2017 - 03:14 PM*

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI
## CIRCUIT CIVIL/ASSOCIATE CIVIL FILING INFORMATION SHEET

**INSTRUCTIONS FOR COMPLETING THE CIRCUIT CIVIL/ASSOCIATE CIVIL FILING INFORMATION SHEET:**

As part of our reporting requirements to the Missouri Supreme Court and the Office of the State Court Administrator, you are required to complete and submit this information sheet at the time you file your cause of action. Your cause of action will not be accepted and/or processed unless it is accompanied by this information sheet at the time of filing. The person, or attorney, filing the cause of action should the complete the form as follows:

- ✓ You must provide the following information below for the purpose of initiating case processing. SSN is **required** if the party is a person; exception can only be granted if the information is not reasonably available.
- ✓ Type or neatly print in black ink.
- ✓ Plaintiff(s)/Defendant(s): Enter the full names (last, first, middle initial) of plaintiff(s) and defendant(s). If the plaintiff or defendant is a:
    - Corporation – Include the full name of the corporation.
    - Government Agency – Use only the full name or standard abbreviations.
    - Government Official – Identify the Agency and then the official, giving both title and name.
- ✓ NOTE: If there are multiple counts in the petition that are considered in two or more categories, it is the responsibility of the filing party to choose the one appropriate Case Type code. The assignment of the case is subject to review by the Presiding Judge. Based on that review, the case may be reassigned.

**CASE HEADING:** HOWARD WEBB    vs   COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION
                1st Plaintiff                      1st Defendant

**Fill in the two-letter Case Type code from the back of this form here:** TS  (one code only).

**Does this case result from the alleged REFUSAL to take a Blood or Breathalyzer test?**   YES   (**NO**)
Circle one

**PARTIES** (attach a separate sheet to include additional parties)

Party Type: PLAINTIFF    (i.e. Plaintiff, etc.)
Last Name: WEBB    First Name: HOWARD
Middle Name: _____    Address: 531 Colebrook Dr.
City: ST. LOUIS    State: MO    Zip: 63119
DOB: 1/1/1955    SSN: 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
   *required*

Party Type: DEFENDANT    (i.e. Plaintiff, Defendant, etc.)
Last Name: COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION    First Name: _____
Middle Name: _____    Address: 1225 Weber Hill Road, Suite 100
City: ST. LOUIS    State: MO    Zip: 63127
DOB: _____    SSN: _____
   *required*

BENJAMIN F. WESTHOFF    53047         SEDEY HARPER WESTHOFF
Attorney of Record Filing Action    Bar #    Firm

2711 CLIFTON AVE., ST. LOUIS, MO 63139
Address/City/State/Zip Code

(314) 773-3566       (314) 773-3615       bwesthoff@sedeyharper.com
Phone Number    Fax Number    E-mail    address

*[signature]*
Signature of Person Filing

CCCDT222 – JIS    Revised 08/12

I certify and attest that the above is a true copy of the original record of the Court in case number __17SL-CC03751__ as it appears on file in my office.

Issued

11-02-2017

**JOAN M. GILMER**, Circuit Clerk
St. Louis County Circuit Court

By _____

Deputy Clerk

CCOPR36   Rev. 06/00