UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HOWARD WEBB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17-CV-2701 RLW |
| | ) |
| COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This employment discrimination was filed in state court and removed here on the grounds of diversity. *See* 28 U.S.C. §§ 1332, 1441, 1446.[1] Now pending is the motion of Cognizant Technology Solutions Corporation (Defendant) for a more definite statement of the claims of Howard Webb (Plaintiff).

### **Background**

Plaintiff titled his complaint "Discrimination in Violation of Missouri Human Rights Act." (Compl. at 1, ECF No. 7.) He alleges that he worked for Defendant from December 2014 to September 23, 2016. (*Id.* ¶2.) His work performance was satisfactory; indeed, he was given a bonus in 2015. (*Id.* ¶7.) In his job as a Director of Business Process Transformation, he supervised and worked with primarily people of Indian descent. (*Id.* ¶9.) He also conducted sales activities with teams which were primarily comprised of people of Indian descent. (*Id.*) He alleges that these co-workers "impeded his contact and access to customer accounts over which they had control[,] ... prevent[ing] him from expanding his team's business analyst services."

---

[1] Plaintiff is a resident of Missouri; Defendant is incorporated in Delaware and has its principal place of business in Texas. (Notice at 2; ECF No.1.)

(*Id.* ¶10.) And, these co-workers spoke in a foreign language when he was present, thereby excluding him from their conversation. (*Id.*) Plaintiff complained of these behaviors to his two supervisors. (*Id.* ¶¶11, 13.) He also complained to Hetal Joshi, a director of consulting. (*Id.* ¶13.) Subsequently, Plaintiff was transferred to a position in the Cognizant Deployable Pool. (*Id.* ¶16.) People in this Pool are given five weeks within which to be placed in a new position or assignment. (*Id.* ¶16.) Plaintiff was offered neither, and was then discharged. (*Id.* ¶17, 18.) On the other hand, Joshi, of Indian descent and approximately 35 to 40 years of age, was assigned Plaintiff's former responsibilities and "effectively replaced" Plaintiff. (*Id.* ¶16.) Plaintiff further alleges that Joshi had similar billing deficiencies to those cited as reasons for Plaintiff's demotion to the Pool and that Defendant has a pattern of discriminatory behavior. (*Id.* ¶¶19, 20-22.)

Based on the foregoing allegations, Plaintiff claims he has been discriminated against because of his color (white) and national origin, in violation of Mo.Rev.Stat. § 213.055.1(1)(a), and his age (he was born in 1955), in violation of § 213.055.1(1)(a). (*Id.* ¶¶2, 24-25.) This discrimination was a contributing factor to his discharge. (*Id.*) Plaintiff also claims he was discharged in retaliation for his complaints about the discrimination, in violation of Mo.Rev.Stat. § 213.070.2. (*Id.* ¶ 26.) He seeks monetary damages. (*Id.* ¶27.)

Defendant moves for a more definite statement, arguing the complaint erroneously fails to (a) be organized into counts; (b) include sufficient supporting factual allegations; and (c) state the correct standard, i.e., the discriminatory behavior must be a motivating, not contributing, factor. See Fed.R.Civ.P. 12(e) (allowing a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably require a response"). Plaintiff opposes the motion.

## Discussion

Federal Rules of Civil Procedure 8(a)(2) and (3) require that a complaint contain "a short and plain statement" showing the plaintiff "is entitled to relief" and a demand for the relief sought. Federal Rule of Civil Procedure 10(b) states, in relevant part: "If doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count or defense."

Plaintiff's complaint includes factual allegations sufficient to show violations of the Missouri Human Rights Act (MHRA), Mo.Rev.Stat. § 213.010 *et* seq. He alleges he was demoted and then transferred to a position from which he was certain to be discharged, although a similarly-situated man younger than he and of a different national origin was not treated the same and was, instead, given Plaintiff's responsibilities and position. *See* Mo.Rev.Stat. § 213.055.1(a)(making it illegal for an employer to discharge "or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, ... national origin, ... ancestry, age ...."). Plaintiff also alleges he was demoted and discharged in retaliation for his complaints of discrimination. *See* Mo.Rev.Stat. § 213.070.1(2) (making it unlawful to retaliate or discriminate against any person who has opposed a practice prohibited by the MHRA).

As presently presented, Plaintiff's complaint includes in one count allegations of discrimination based on age, color, and national origin and of retaliation. The three claims of discrimination arise from the same occurrences. The claim of retaliation does not. "[B]y including multiple claims in one 'count,' confusion results." *Linzie v. City of Columbia, Mo.*, 651 F.Supp. 740, 745 (W.D. Mo. 1986) (holding that, although plaintiffs were "technically correct" when arguing that their multiple federal and state claims were properly presented in one

3

count because they all arose from the same occurrence, they should amend their complaint to state one claim per count). Plaintiff shall be directed to amend his complaint to assert each of his claims in a separate count.

Defendant further argues that Plaintiff's references to the complained-of acts being "contributing" factors to his discharge should be stricken because the MHRA was amended prior to his filing suit to abrogate case law so defining the burden of proof under the MHRA. See Mo.Rev.Stat. § 213.101.4 (amended eff. Aug. 28, 2017). Plaintiff counters that the difference between "contributing factors" and "motivating factors," the standard advocated by Defendant, is negligible and, regardless, the amendment does not apply to events occurring before August 2017. The Court declines to reach in a Rule 12(e) challenge the question of what burden-of-proof standard to apply to Plaintiff's MHRA claims.

For the foregoing reasons,

IT IS HEREBY ORDERED that the Defendant's Motion for More Definite Statement is GRANTED in part and DENIED in part. [ECF No. 9] It is granted insofar as Plaintiff is directed to file an amended complaint on or before January 19, 2018, with each claim presented in a separate count. It is denied in all other respects.

Dated this 19th day of December 2017.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

4