**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| HOWARD WEBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 4:17-cv-2701 RLW |
| ) | |
| COGNIZANT TECHNOLOGY ) | **JURY TRIAL REQUESTED** |
| SOLUTIONS U.S. CORPORATION ) | |
| ) | |
| Defendant. ) | |

**SECOND AMENDED COMPLAINT**

COMES NOW Plaintiff Howard Webb, by and through counsel, and files this Second Amended Complaint.

**NATURE OF THE CASE**

1. Plaintiff brings claims of discrimination on the basis of his age, national origin and color against his former employer, Defendant Cognizant Technology Solutions U.S. Corporation ("Cognizant" or "Defendant"), in violation of the Missouri Human Rights Act, Section 213.0l0 et seq., RSMo 1986, as amended ("MHRA"). In addition, Plaintiff brings a claim for retaliation against Cognizant in violation of Mo. Rev. Stat. § 213.070.2 for complaining about discriminatory practices in the workplace.

**JURISDICTION, PARTIES AND VENUE**

2. This Court has jurisdiction over this action by virtue of 28 U.S.C. § 1332.

3. Plaintiff is a citizen of the State of Missouri, currently residing in St. Louis County, Missouri. Plaintiff was employed by Defendant from December 2014 to September 23, 2016 in St. Louis County. He is a white, American citizen whose year of birth is 1955, and, as a result, was and is a member of protected classes under the MHRA.

1

4.	Defendant Cognizant is a Delaware and Texas corporation conducting business in Missouri.

5.	Defendant Cognizant is an employer as defined by Mo. Rev. Stat. § 213.010(7) in that Cognizant, at all relevant times herein, employed six (6) or more employees in the State of Missouri.

6.	This claim arose in this District, in the County of St. Louis, Missouri, where Defendant conducted business at all times relevant herein, employed Plaintiff to transact business on its behalf, and discharged Plaintiff.

## FACTS COMMON TO ALL COUNTS

7.	Cognizant employed Plaintiff in the position of Director—Business Process Transformation.  Plaintiff's job primarily entailed providing process improvement consulting services to customers and selling customers business analysis, process improvement and technology solution services.  Plaintiff supervised a team of about 45 employees in the United States, and had dotted-line responsibility over about 45 other employees located in India.

8.	Plaintiff performed his job in a satisfactory manner.  In 2015, Cognizant paid Plaintiff a bonus in recognition of his strong performance.  Cognizant never wrote Plaintiff up, gave him a negative performance review, or placed him on a performance improvement plan.

9.	Plaintiff reported to Jack Miller, Head of Solutions Consulting Group, from early 2015 until May 2016, at which time his supervisor became Tim Day, Associate Vice-President—Enterprise Application Services.

10.	The team Plaintiff supervised and worked with in the United States consisted of approximately 85% employees of Indian descent.  Plaintiff also conducted sales activities in conjunction with sales teams that were largely composed of employees of Indian descent.

11. Indian co-workers of Plaintiff impeded his contact and access to customer accounts over which they had control which prevented Plaintiff from expanding his team's business analyst services. In addition, Plaintiff's Indian colleagues frequently spoke in a foreign language when Plaintiff was present so as to effectively exclude Plaintiff from the conversation.

12. Plaintiff reported to Mr. Miller that Indian employees, particularly those within Cognizant's sales organization, were inhibiting Plaintiff from accessing or contacting accounts they controlled, thereby impairing Plaintiff's business growth and diminishing Plaintiff's billable services. Plaintiff also reported to Mr. Miller that Indian colleagues were preventing him from participating in business discussions by speaking in a language he could not understand.

13. Mr. Miller responded that he knew "it was an issue" and that he was trying to "address it." Mr. Miller, however, never followed-up with Plaintiff about his complaints, nor took any action to effectively remediate the issues Plaintiff reported.

14. In the summer of 2016, Plaintiff reported the same issues with Indian colleagues to Mr. Day and Hetal Joshi, Director—Consulting. Upon information and belief, neither Mr. Day nor Mr. Joshi took any action to address Plaintiff's complaints.

15. In mid-2016, Cognizant transferred Plaintiff from his Director position to the "Cognizant Deployable Pool," and effectively replaced him with Mr. Joshi, a male of Indian descent who was approximately 35-40 years old, by re-assigning Plaintiff's responsibilities to Mr. Joshi. Although Plaintiff had reported to Cognizant management that his billable work was impaired by the discriminatory actions of his Indian co-workers as described above, Cognizant cited his poor billing rate in moving Plaintiff to the Cognizant Deployable Pool ("CDP").

16. The CDP is a pool of floating Cognizant workers that, in theory, is supposed to staff projects in the various business units within the company on an as-needed basis. According

3

to Cognizant, the CDP is a place where Cognizant employees who are not billing adequately can go to try to find another position within the company.

17. In reality, however, the CDP is a vehicle for discharging employees. Once an employee remains in the CDP for five weeks without being placed into a new position or assignment, he will be discharged. Upon information and belief, most employees Cognizant transfers into the CDP are not selected for assignment and instead get fired. Further, upon information and belief, Cognizant uses the CDP to disproportionately discharge older employees not of Indian descent.

18. After Cognizant transferred Plaintiff into the CDP, it offered him no other positions or projects.

19. On September 23, 2016, Cognizant discharged Plaintiff.

20. Mr. Joshi's billable work numbers were similar to Plaintiff's, yet Cognizant did not place Mr. Joshi into the CDP or discharge him.

21. Upon information and belief, there are other non-Indian, older Cognizant employees whom Cognizant placed in the CDP, fired after failing to provide them another assignment, and replaced with younger employees of Indian descent.

22. In addition, upon information and belief, Cognizant management has engaged in an initiative to create a younger workforce by discharging older workers and replacing them with younger employees, usually of Indian descent. Cognizant utilizes younger, Indian employees to bill at lower rates than older, more skilled and experienced non-Indian employees, such as Plaintiff, as a means of remaining competitive in the marketplace.

4

23. Further, Cognizant uses the lower billing rates of younger, Indian employees as a justification to not only prevent older, non-Indian workers from providing billable services to customers, but also to discharge such older workers.

24. Plaintiff filed a timely charge of discrimination with the Missouri Commission of Human Rights ("MCHR") on December 2, 2016. On July 10, 2017, the MCHR issued Plaintiff a Notice of Right to Sue. Plaintiff filed this action within 90 days of the date of MCHR's Notice of Right to Sue, and within two (2) years of the last act of age discrimination and retaliation alleged herein.

## COUNT I – DISCRIMINATION BASED ON PLAINTIFF'S COLOR IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

25. Defendant's termination of Plaintiff's employment on September 23, 2016 violated Mo. Rev. Stat. § 213.055.1(1)(a) in that Plaintiff's color was a contributing factor in Defendant's decision to discharge him.

26. As a result of Defendant's discrimination on the basis of Plaintiff's color, as alleged herein, Plaintiff has suffered lost wages and benefits of employment.

27. As a result of Defendant's discrimination on the basis of Plaintiff's color, as alleged herein, Plaintiff has suffered emotional distress and mental anguish.

28. As a result of Defendant's discrimination on the basis of Plaintiff's color, as alleged herein, Plaintiff has incurred attorneys' fees and costs of litigation.

29. The conduct of the Defendant was outrageous because of the Defendant's evil motive or reckless disregard for Plaintiff's rights under Missouri law to not be discriminated against with respect to the terms, conditions, and privileges of employment. Such conduct warrants an award of punitive damages to punish Defendant and deter it from engaging in further acts of discrimination.

WHEREFORE, Plaintiff prays that this Court, after trial by jury, enter its Order and Judgment against Defendant and in favor of Plaintiff in an amount to be determined at trial for Plaintiff's lost wages and benefits of employment, and prejudgment interest thereupon, for front pay or reinstatement, and for compensatory damages, including damages for emotional distress, for punitive damages, for attorneys' fees and costs of litigation, and for such other relief as is just and proper.

### COUNT II – DISCRIMINATION BASED ON PLAINTIFF'S NATIONAL ORIGIN IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

30. Plaintiff re-asserts and re-alleges the allegations set forth above in paragraphs 1 through 29.

31. Defendant's termination of Plaintiff's employment on September 23, 2016 violated Mo. Rev. Stat. § 213.055.1(1)(a) in that Plaintiff's national origin was a contributing factor in Defendant's decision to discharge him.

32. As a result of Defendant's discrimination on the basis of Plaintiff's national origin, as alleged herein, Plaintiff has suffered lost wages and benefits of employment.

33. As a result of Defendant's discrimination on the basis of Plaintiff's national origin, as alleged herein, Plaintiff has suffered emotional distress and mental anguish.

34. As a result of Defendant's discrimination on the basis of Plaintiff's national origin, as alleged herein, Plaintiff has incurred attorneys' fees and costs of litigation.

35. The conduct of the Defendant was outrageous because of the Defendant's evil motive or reckless disregard for Plaintiff's rights under Missouri law to not be discriminated against with respect to the terms, conditions, and privileges of employment. Such conduct warrants an award of punitive damages to punish Defendant and deter it from engaging in further acts of discrimination.

WHEREFORE, Plaintiff prays that this Court, after trial by jury, enter its Order and Judgment against Defendant and in favor of Plaintiff in an amount to be determined at trial for Plaintiff's lost wages and benefits of employment, and prejudgment interest thereupon, for front pay or reinstatement, and for compensatory damages, including damages for emotional distress, for punitive damages, for attorneys' fees and costs of litigation, and for such other relief as is just and proper.

**COUNT III – DISCRIMINATION BASED ON PLAINTIFF'S AGE IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT**

36. Plaintiff re-asserts and re-alleges the allegations set forth above in paragraphs 1 through 35.

37. Defendant's termination of Plaintiff's employment on September 23, 2016 violated Mo. Rev. Stat. § 213.055.1(1)(a) in that Plaintiff's age was a contributing factor in Defendant's decision to discharge him.

38. As a result of Defendant's discrimination on the basis of Plaintiff's age, as alleged herein, Plaintiff has suffered lost wages and benefits of employment.

39. As a result of Defendant's discrimination on the basis of Plaintiff's age, as alleged herein, Plaintiff has suffered emotional distress and mental anguish.

40. As a result of Defendant's discrimination on the basis of Plaintiff's age, as alleged herein, Plaintiff has incurred attorneys' fees and costs of litigation.

41. The conduct of the Defendant was outrageous because of the Defendant's evil motive or reckless disregard for Plaintiff's rights under Missouri law to not be discriminated against with respect to the terms, conditions, and privileges of employment.  Such conduct warrants an award of punitive damages to punish Defendant and deter it from engaging in further acts of discrimination.

WHEREFORE, Plaintiff prays that this Court, after trial by jury, enter its Order and Judgment against Defendant and in favor of Plaintiff in an amount to be determined at trial for Plaintiff's lost wages and benefits of employment, and prejudgment interest thereupon, for front pay or reinstatement, and for compensatory damages, including damages for emotional distress, for punitive damages, for attorneys' fees and costs of litigation, and for such other relief as is just and proper.

## COUNT IV – RETALIATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

42.   Plaintiff re-asserts and re-alleges the allegations set forth above in paragraphs 1 through 41.

43.   Defendant's termination of Plaintiff's employment on September 23, 2016 violated Mo. Rev. Stat. § 213.070.2 in that Cognizant retaliated against Plaintiff for complaining about discriminatory practices in the workplace.

44.   As a result of Defendant's retaliation against Plaintiff, as alleged herein, Plaintiff has suffered lost wages and benefits of employment.

45.   As a result of Defendant's retaliation against Plaintiff, as alleged herein, Plaintiff has suffered emotional distress and mental anguish.

46.   As a result of Defendant's retaliation against Plaintiff, as alleged herein, Plaintiff has incurred attorneys' fees and costs of litigation.

47.   The conduct of the Defendant was outrageous because of the Defendant's evil motive or reckless disregard for Plaintiff's rights under Missouri law to not be retaliated against for complaining about discrimination in the workplace.  Such conduct warrants an award of punitive damages to punish Defendant and deter it from engaging in further acts of retaliation.

WHEREFORE, Plaintiff prays that this Court, after trial by jury, enter its Order and Judgment against Defendant and in favor of Plaintiff in an amount to be determined at trial for Plaintiff's lost wages and benefits of employment, and prejudgment interest thereupon, for front pay or reinstatement, and for compensatory damages, including damages for emotional distress, for punitive damages, for attorneys' fees and costs of litigation, and for such other relief as is just and proper.

Respectfully Submitted,

SEDEY HARPER WESTHOFF, P.C.
Attorneys for Plaintiff

*/s/ Benjamin F. Westhoff*

Benjamin F. Westhoff, #53047
John D. Lynn, #30064
2711 Clifton Avenue
St. Louis, MO 63139
314/773-3566
314/773-3615 (fax)
bwesthoff@sedeyharper.com
jlynn@sedeyharper.com

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on August 24, 2018, the foregoing document was filed electronically with the Clerk of the Court using the ECF system which will provide electronic service to the following attorneys for defendant:

Joseph M. Wientge, Jr.
LITTLER MENDELSON, P.C.
600 Washington Avenue Suite 900
St. Louis, MO 63101
jwientge@littler.com

*/s/ Benjamin F. Westhoff*